John W. Sweeny, J.
In this action the plaintiff carrier seeks a declaratory judgment supporting its disclaimer of coverage to its insured the defendant, Richard A. Zamenick.
Through the instant motion the State of New York seeks to be substituted as a party defendant by virtue of its right of *2 subrogation which it obtained when it paid the defendant Callahan under the Crime Victims Compensation Act (Executive Law, art. 22) for medical expenses, incurred as a result of an alleged hit and run automobile accident which occurred on November 2,1972.
Defendant Zamenick opposes the instant application because he alleges that the State improperly made the payments in question and should therefore be precluded from any right of subrogation and any consequent appearance in this declaratory judgment action.
Defendant’s opposition is based on the fact that section 621 (subd. 3) of the enactment prohibits payments to victims injured by motor vehicles unless the injuries were intentionally inflicted. Defendant contends that since he was subsequently acquitted of those crimes which would have required a finding of intentional infliction of injury (assault in the second degree; reckless assault) the payments by the Crime Victims Compensation Board were improper and the State should be precluded from any part in this lawsuit.
At issue here is the subrogation right of the State after payments have been made based on the board’s administrative determination when the alleged criminal is subsequently acquitted of the crime at a criminal trial.
To accept the defendant’s contention would be to impose a requirement regarding the quantum of evidence required by the board contrary to that intended by the Legislature (Executive Law, § 627). The natural result of defendant’s position would be to tie the hands of this board with all the nuances of a criminal trial and therefore impede its effectiveness as an administrative entity. Accordingly, the defendant’s argument is rejected and the motion granted.
The alleged criminal has no standing as far as an appeal is concerned from a determination of the board (Executive Law, § 629). Therefore there is neither reason nor authority to transfer this matter to the Appellate Division.
The motion is granted.